UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL DE LEON RAYMUNDO,

      Petitioner,

v.                          Case No.  2:26-cv-1783-JES-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Daniel De Leon Raymundo's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 5).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.  Background

Raymundo is a native and citizen of Guatemala who entered the United States at an unknown time and place, although he claims to have continuously resided in the United States for about 25 years. (Doc. 5 at 1).  He was taken into custody by Immigration and Customs Enforcement (ICE) officers on April 17, 2026 after an investigatory stop of his vehicle.  (Doc. 5-1 at 2).  He has a pending application for asylum.  (Id.)  Raymundo now seeks, among other things, an 8 U.S.C. § 1226(a) bond hearing before an immigration judge.  (Doc. 1 at 11).

In response to the petition, Respondents acknowledge that under recent precedent, Raymundo is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) but note that he has not yet requested one.  (Doc. 5 at 1 (citing Hernandez Alvarez v. Warden, 175 F.4th 1258 (11th Cir. 2026))).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]"  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings."  Hernandez Alvarez, 175 F.4th at 1261.  The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  Id.  And Respondents recognize that, under this holding, Raymundo is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The Court will thus order Respondents to either release Raymundo or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[1] To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006). Raymundo's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. If Respondents are unable to ensure that Raymundo timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1. Daniel De Leon Raymundo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **SEVEN (7) DAYS**, Respondents shall either provide Raymundo with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

---

[1] Respondents request "a reasonable period of ten days to arrange an individualized bond hearing." (Doc. 5 at 4).

3

3.    If Respondents release Raymundo, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 18, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4